UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID SLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>    Defendant. | Case No. 5:16-cv-04882-HRL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND**<br><br>Re: Dkt. No. 9 |

This lawsuit arises out of a one-car accident in which plaintiff David Sley says his new Toyota 4 Runner sustained substantial damage that would have been covered under his automobile insurance policy with defendant USAA Casualty Insurance Company (USAA).[1] Plaintiff claims that when he bought the vehicle, he asked USAA to increase his coverage, but USAA failed to do so. And, Sley says that although he timely notified USAA of the incident, defendant refused to pay insurance benefits under the policy. The key dispute, according to plaintiff, is whether he, in fact, increased his insurance coverage before the accident occurred.

Plaintiff filed his complaint in the Santa Clara County Superior Court, asserting five claims for relief: breach of contract, breach of the covenant of good faith and fair dealing, negligence,

---

[1] Plaintiff says that he erroneously sued defendant as "USAA Casualty Insurance."

reformation of contract, and declaratory relief. On the civil cover sheet, he checked the box indicating that this is an "Unlimited" civil matter, meaning that the amount he demands exceeds $25,000. Although the complaint states that Sley seeks general and special damages, punitive damages, and attorney's fees, it does not specify the amounts sought.

USAA removed the matter here, asserting diversity jurisdiction, 28 U.S.C. § 1332. Sley moves for an order remanding this case to the state court. There is no dispute that the parties are of diverse citizenship. The only issue is whether USAA has met its burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold.

All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Upon consideration of the moving and responding papers, the court grants plaintiff's motion.

**LEGAL STANDARD**

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal is proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

Federal district courts have diversity jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. § 1332. "The amount in controversy, for purposes of diversity jurisdiction, is the total 'amount at stake in the underlying litigation.'" Sasso v. Noble Utah Long Beach, LLC, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *2 (C.D. Cal., Mar. 3, 2015) (citing Theis Research, Inc. v. Brown & Bain, 400 F.3d 659, 662 (9th Cir. 2005)). "[I]n assessing the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." Id. (citations omitted).

USAA has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Cohn v. Petsmart, Inc., 281 F.3d 837, 839 (9th Cir. 2002) (citing

Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)). In determining whether defendant has met its burden, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." Singer v. State Farm Mutual Auto. Ins., 116 F.3d 373, 377 (9th Cir. 1997) (citation omitted). Where, as here, the complaint does not specify damages, the court may examine the facts of the removal petition, as well as summary-judgment-type evidence submitted by the parties. Id.

## DISCUSSION

### A. Plaintiff's Post-Removal Stipulation

Following removal, Sley offered to stipulate that he will not seek more than $75,000, including punitive damages and attorney's fees. Plaintiff correctly notes that courts within the Ninth Circuit have remanded actions on the condition that a plaintiff stipulates to seeking less than the jurisdictional minimum. See Patel v. Nike Retail Services, Inc., 58 F. Supp.3d 1032, 1038-39 (N.D. Cal. 2014) (citing cases); see also Conrad Associates v. Hartford Accident & Indemnity Co., 994 F. Supp. 1996, 1199 (N.D. Cal. 1998) (noting that "[s]ome cases have remanded an action to state court after the plaintiff *voluntarily* stipulated that he would not seek damages above the jurisdictional amount," but concluding that a plaintiff could not be coerced into making such a stipulation.) Nevertheless, the Supreme Court has long stated that post-removal stipulations cannot oust the district court of jurisdiction:

> And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction. Thus events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.

St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292 (1938). Accordingly, this court gives plaintiff's proffered stipulation little weight.

### B. Amount in Controversy

#### 1. Breach of contract

USAA asserts that the complaint's prayer for policy benefits amounts to approximately $50,000 for the value of the damaged vehicle. Sley does not dispute that point.

3

### 2. Attorney's Fees

Ordinarily, attorney's fees are not included in determining the amount in controversy because the successful party does not collect such fees as part of the judgment. Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155 (9th Cir. 1998). However, "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." Id. at 1156. "California law permits recovery of attorney's fees incurred by the insured in obtaining the benefits due under the policy when the insurer's conduct in withholding benefits was tortious." Conrad Associates, 994 F. Supp. at 1199 (citing Brandt v. Super. Ct., 693 P.2d 796 (Cal. S. Ct. 1985)). But, only those fees attributable to an attorney's efforts in obtaining benefits due are recoverable. "Fees attributable to obtaining any portion of the plaintiff's award which exceeds the amount due under the policy are not recoverable." Brandt, 693 P.2d at 800.

Sley does not dispute that fees incurred up to the time of removal should be included in calculating the amount in controversy. His counsel avers that if he were to charge an hourly fee,[2] it would not be more than $350 per hour. (Dkt. 10, Frye Decl. ¶ 12). He further states that, up until USAA removed the matter, he spent 3.4 hours on this case (id. ¶ 10), for a total fee calculation of $1,190.00.

The primary point of contention is whether post-removal fees should be included in calculating the amount in controversy. Plaintiff says no. USAA says yes. And, courts are split on that point. See Brady v. Mercedes-Benz USA, Inc., 243 F. Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (noting that the Seventh Circuit includes only those fees incurred as of the date the complaint is filed, whereas the Tenth Circuit has held that a reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy).

This court need not decide whether anticipated future attorney's fees may be included in the amount in controversy because it finds that USAA's estimate of such fees is too speculative in any event. Even those courts that consider post-removal attorney's fees have required the

---

[2] Plaintiff's counsel states that his firm has a contingency fee agreement with Sley, with a fee of 33.3% of the gross recovery. (Dkt. 10, Frye Decl. ¶ 9).

4

removing defendant to make a reasonably specific showing as to why the projected fee award is appropriate. For example, in <u>Sasso</u> (an employment discrimination case), the court stated that a fee calculation must be "reasonable," "conservative," and based upon "evidence," and went on to conclude that an estimated fee award of $30,000 was reasonable based upon a survey of relevant decisions from other courts. 2015 WL 898468 at *5 (observing that employment cases have been found to require substantial effort from counsel) (citing cases). In <u>Brady</u>, the defendant produced evidence showing that in factually similar lemon law cases, approximately $60,000 was awarded in fees. 243 F. Supp.2d at 1011.

In its notice of removal, USAA posited that plaintiff's fees would total about $94,400.00 through trial. (Dkt. 1 at 4-5). Plaintiff argued that defendant's estimates were overblown, pointing out, for example, that it only took 2.4 hours to conduct legal research and prepare the complaint, rather than the 10 hours allotted by defendant. (Dkt. 1, Notice of Removal ¶ 15; Dkt. 10 Frye Decl. ¶ 10). In its opposition to the present motion, defendant scaled its estimate down to about $70,000.00. But, defendant has not provided factual information supporting its calculations. For example, USAA estimates that the parties will spend 36 hours in deposition and 38 hours in a 3-day trial, without explaining how it arrived at those figures. Moreover, defendant's estimate assumes that all time in this matter will be charged at plaintiff's counsel's $350 hourly rate. Plaintiff's attorney, however, avers that as much as possible, work is delegated to junior associates and paralegals whose rates are much lower. (Dkt. 10, Frye Decl. ¶ 10).

**3. Punitive damages**

In California, a plaintiff may recover punitive damages for insurance bad faith claims, and such damages are included in calculating the jurisdictional amount in controversy. <u>Conrad Associates</u>, 994 F. Supp. at 1200. "To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts." <u>Simmons v. PCR Technology</u>, 209 F. Supp.2d 1029, 1033 (N.D. Cal. 2002).

Here, USAA has submitted three Westlaw reports, summarizing the judgments obtained by the plaintiffs in three insurance bad faith cases involving auto theft claims. Defendant argues that, in each one, the plaintiffs' economic damages were relatively small (e.g., $5,211 in one case;

$17,175 in another), yet all plaintiffs ended up with judgments well over $100,000. (Dkt. 12-1, McLay Decl., Exs. A-C). The point, says USAA, is that even relatively small economic damage claims can yield large punitive damages. And, defendant suggests that even at a 1-to-1 ratio based on Sley's breach of contract damages, yields a sum in excess of the minimum jurisdictional requirement.

However, merely stating that a complaint seeks punitive damages, which may ultimately be a large sum of money, does not satisfy USAA's burden. Conrad Associates, 994 F. Supp. at 1201. As observed in Conrad Associates:

> [i]t would be inherently speculative for this Court to conclude that the amount in controversy requirement can be met by simply asserting that large punitive damage awards have been awarded in the past against insurance companies faced with allegations of fraud. As Plaintiff points out, Defendant has failed to articulate why the *particular facts* that are alleged in the instant case might warrant extraordinary damages.

Id. (quoting Haisch v. Allstate Ins. Co., 942 F. Supp. 1245, 1248 (D. Ariz. 1996)).

Here, USAA has not presented the court with any facts that might warrant a large punitive damages award in this case. And, other than to point out that the plaintiffs in the proffered exemplar cases also asserted the bad faith denial of their insurance claims, defendant makes no attempt to identify factual similarities which raise an inference that a jury might award a similar amount of punitive damages here. Indeed, all of the proffered exemplars involved conduct more egregious than that alleged here. For example, in McCoy v. Progressive West Ins. Co., the defendant insurer failed for nearly a year to either allow or deny plaintiff's claim, despite plaintiff's repeated requests. (Dkt. 12-1, McLay Decl., Ex. A). In Cortez v. Farmers Ins. Exchange, the defendant insurer's personnel misrepresented facts in the claims file and failed to conduct a complete investigation, focusing instead on other matters in the hopes of finding a reason to justify its denial of plaintiff's claim. (Id., Ex. B). Similarly, the defendant insurer in Kassianova v. Leader Preferred Ins. Co. did not effectuate a prompt, fair, and equitable settlement and engaged in fraudulent misrepresentation and other malicious conduct. (Id.).

**ORDER**

Based on the foregoing, and in view of the strong presumption against removal

6

jurisdiction, this court concludes that defendant has not established, by a preponderance of the evidence, that the amount in controversy exceeds the $75,000 jurisdictional threshold. The court therefore lacks diversity jurisdiction to adjudicate this matter, and plaintiff's motion to remand this case to the Santa Clara County Superior Court is granted.

SO ORDERED.

Dated: May 16, 2017

HOWARD R. LLOYD
United States Magistrate Judge